**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WRIGLEYVILLE HOTEL, LLC, et al. | ) Case No. 14-21216 |
| | ) |
| Debtors. | ) Honorable Eugene R. Wedoff |
| | ) |
| | ) **Hearing: February 11, 2015, at 10:00 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on February 11, 2015, at 10:00 a.m., the undersigned shall appear before the Honorable Eugene R. Wedoff, or any judge sitting in his stead, in Room 744 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, and then and there present the *Motion for Entry of An Order (A) (I) Approving Procedures for the Sale of Debtors' Real Property Free and Clear of All Liens, Claims, Encumbrances, and other Interests; (II) Scheduling An Auction; (III) Approving Form and Manner of Notices Associated with the Auction; (IV) Setting Final Sale Hearing; and (B) Approving the Sale to the Highest or Best Bidder at the Auction; and (C) Granting Related Relief*, a copy of which is hereby served upon you.

Dated: February 4, 2015            Respectfully submitted,

                                   **WRIGLEYVILLE HOTEL, LLC,** *et al.*

                                   By:  /s/ Matthew E. McClintock

                                   Harley J. Goldstein, Esq.
                                   Matthew E. McClintock, Esq.
                                   Sean P. Williams, Esq.
                                   GOLDSTEIN & MCCLINTOCK LLLP
                                   208 South LaSalle Street, Suite 1750
                                   Chicago, Illinois 60604
                                   Telephone: (312) 337-7700
                                   Facsimile: (312) 277-2305

# CERTIFICATE OF SERVICE

I, Matthew E. McClintock, an attorney, do hereby certify that on February 4, 2015, I caused true and correct copies of the *Notice of Motion* and *Motion for Entry of An Order (A) (I) Approving Procedures for the Sale of Debtors' Real Property Free and Clear of All Liens, Claims, Encumbrances, and other Interests; (II) Scheduling An Auction; (III) Approving Form and Manner of Notices Associated with the Auction; (IV) Setting Final Sale Hearing; and (B) Approving the Sale to the Highest or Best Bidder at the Auction; and (C) Granting Related Relief* to be served upon the parties listed below via CM/ECF or first class U.S. mail, postage pre-paid, as indicated on the attached service list.

Dated: February 4, 2015                                         /s/ Matthew E. McClintock

**VIA CM/ECF**

Robert R Benjamin on behalf of Creditor 3458 N Clark, LLC
rrbenjamin@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;kkussmann@golanchristie.com

Anthony J. D'Agostino on behalf of Creditor 3458 N Clark, LLC
ajdagostino@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;aprior@golanchristie.com;tstephenson@golanchristie.com

Tiffany R Harper on behalf of Creditor Hotel Debt LLC
tharper@polsinelli.com, pfleming@polsinelli.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Andre Ordeanu on behalf of Creditor J&J Sports Productions, Inc.
andre@zanesmith.com,
Patty@Zanesmith.com;Kelly@Zanesmith.com;Zane@Zanesmith.com;Nichole@Zanesmith.com

Jerry L Switzer on behalf of Creditor Hotel Debt LLC
jswitzer@polsinelli.com, chicagodocketing@polsinelli.com

Jerry L Switzer on behalf of Debtor Wrigleyville Hotel LLC
jswitzer@polsinelli.com,
chicagodocketing@polsinelli.com

**VIA FIRST CLASS U.S. MAIL**

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Crane & Norcross
2 N LaSalle St., Ste. 900
Chicago, IL 60602-4059

IPSA Corporation
223 W. Jackson, Suite 512
Chicago, IL 60606

Indiana Limestone Company
c/o Vedder Price, Doug Lipke
222 N. LaSalle Street, Ste. 2600
Chicago, Illinois 60601-1003

Schain, Banks, Kenny
& Schwartz, Ltd.
70 W. Madison St., Suite 5300
Chicago, IL 60602

Hotel Debt LLC
1040 West Randolph Street
Chicago, Illinois 60607

Catalano, Caboor & Co
101 W 22nd, Suite 207
Lombard, IL 60148

Horizon Hotel Group LLC
2250 N Cleveland Ave, Suite 3
Chicago, IL 60614

Cook County Treasurer
118 N. Clark - Room 112
Chicago, Illinois 60602

Greentech Foam & Insulation, Inc.
11641 S Ridgeland Ave
Alsip, IL 60803

Soukup Plumbing
826 North Ave
Glendale Heights, IL 60139

Contractors Acces Eq. Co. Inc.
2222 South Halsted Street
Chicago, IL 60608

Maya Masonry, Inc.
400 Skokie Blvd S380
Northbrook, IL 60062

Midway Enterprises Inc.
280 N Rand Rd Ste C
Lake Zurich, IL 60047

AEP Energy
225 W Wacker Dr. #700
Chicago, IL 60606

City of Chicago
Department of Water Management
P.O. Box 6330
Chicago, IL 60680-6330

Collins Construction, Inc.
3456 N Clark St.
Chicago, IL 60657

Elvis Gonzalez Ltd.
70 W Madison, Ste. 1515
Chicago, IL 60602

Gregg Harkowski
2500 Grove St.
River Grove, IL 60171

Henry Jung
1109 W Newport
Chicago, IL 60657

Jurek Jablonski
5817 N. Newark Avenue
Chicago-Norwood Park, IL 60631

Magnum Transportation
3619 S. Normal Ave
Chicago, IL 60609

Midwest Trading 1
305 Spring Creek #1108
Schaumburg, IL 60173

Nova Fire Protection
1530 Wiley Rd
Schaumburg, IL 60173

People's Gas
130 E. Randolph
Chicago, IL 60601

The Main Event LLC
3456 N Clark St.
Chicago, IL 60657

Thompson Rental
215 W Irving Park Rd
Bensenville, IL 60106

Williams Plumbing
10134 Clow Creek Dr.
Plainfield, IL 60585

City of Chicago
30 N LaSalle St. #800
Chicago, IL 60602

Dan Lateno
3462 N Clark
Chicago, IL 60657

City of Chicago
121 N. LaSalle St., Rm. 107
Chicago, IL 60602

Sam Sanchez
155 W Kinzie St.
Chicago, IL 60654

J&J Sports Production, Inc.
c/o Zane Smith Law Offices
415 N LaSalle, Ste. 501
Chicago, IL 60654

Cook County Treasurer's Office
118 N. Clark St, Rm 212
Chicago, IL 60602

3458 N. Clark LLC
70 W Madison St., Ste. 1500
Chicago, IL 60602

AEP
Dept. CH 19346
Palatine, IL 60055

White Elm, LLC
Attn: Stephen Deely
120 N. LaSalle St., 29th Floor
Chicago, IL 60602

Swartz Financial Mgmt, Inc
650 E Algonquin Rd, Ste. 404
Schaumburg, IL 60173

Rock Oak, LLC
Attn: Stephen Deely
120 N. LaSalle St., 29th Floor
Chicago, IL 60602

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WRIGLEYVILLE HOTEL, LLC, *et al.*[1] | ) Case No. 14-21216 |
| | ) |
| Debtors. | ) Honorable Eugene R. Wedoff |
| | ) |
| | ) **Hearing: February 11, 2015 at 10:00 a.m.** |

**MOTION FOR ENTRY OF AN ORDER (A) (I) APPROVING PROCEDURES FOR THE SALE OF DEBTORS' REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) SCHEDULING AN AUCTION; (III) APPROVING FORM AND MANNER OF NOTICES ASSOCIATED WITH THE AUCTION; (IV) SETTING A FINAL SALE HEARING; (B) APPROVING THE SALE TO THE HIGHEST OR BEST BIDDER AT THE AUCTION; AND (C) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "*Debtors*"), hereby move this Court (the "*Motion*") pursuant to sections 363, 1107(a), and 1108 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for entry of an order (the "*Procedures Order*"): (a) (i) approving procedures (the "*Bid Procedures*") for the sale (the "*Sale*") of the Debtors' real property assets located at 3473-75 N. Clark Street (the "*Hotel Property*"), 3469 N. Clark Street (the "*Adjacent Lot*"), and 3458 N. Clark Street (the "*Parking Lot Property*," and together with the Hotel Property and the Adjacent Lot, the "*Properties*") in Chicago, Illinois pursuant to section 363 of the Bankruptcy Code to the highest or best bidder(s); (ii) scheduling an auction (the "*Auction*"); (iii) approving the form and manner of notices associated with the Sale and

---

[1]     The debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Wrigleyville Hotel, LLC (5518) and (ii) Wrigleyville, LLC (4262).

Auction; (iv) scheduling a the "*Final Hearing*") to consider approval of the Sale of the Properties; (b) approving the Sale to the highest or best bidder at the Auction (the "*Sale Order*"); and (c) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On June 5, 2014, Hotel filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Hotel Chapter 11 Case*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). On July 7, 2014 LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*LLC Chapter 11 Case*," and collectively with the Hotel Chapter 11 Case, the "*Chapter 11 Cases*") in the Court. The Chapter 11 Cases are currently being jointly administered under case number 14-21216 (ERW).

4. The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. An official committee of unsecured creditors has not been formed in these Chapter 11 Cases.

6. Hotel owns the Hotel Property and the Adjacent Lot, both in Chicago, Illinois. The two properties are located approximately two blocks south of Wrigley Field (the home field of the Chicago Cubs), and Hotel is in the process of developing a boutique hotel (the "*Wrigleyville Hotel*"). Once completed, the Wrigleyville Hotel will be one of the only boutique

hotels in the area, with approximately 42 custom rooms (with reclaimed wood walls, unique stone and tile work, and other high-end features), a street-level café, and a large rooftop bar with stunning views of Wrigley Field and the Chicago skyline. The first phase of the Wrigleyville Hotel project (21 rooms and the café, which potentially could be completed and operated on its own) is nearly complete.

7.     LLC owns the Parking Lot Property located almost across the street from the Hotel Property at 3458 North Clark Street, Chicago, Illinois. Although the Parking Lot Property is currently operational and has been temporarily used for Cubs parking and other purposes, it has been substantially improved by LLC specifically to provide parking for guests of Wrigleyville Hotel (some parking arrangement is a necessary component of the overall project due to city permitting and zoning requirements).

8.     On November 11, 2014, the Debtors, filed their *Joint Plan of Reorganization* [Docket No. 47] (the "*Plan*") and on November 18, 2014, the Debtors filed their Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of Wrigleyville Hotel, LLC and Wrigleyville, LLC dated November 11, 2014 [Docket No. 57]. The Debtors are currently amending the Plan (the "*Amended Plan*") to be consistent with that certain settlement agreement dated January 21, 2015 (the "*Settlement Agreement*") by and between the Debtors and Hotel Debt, LLC ("*Hotel Debt*"), Hotel's senior secured lender, and approved by the Court [Docket No. 102]. The Amended Plan contemplates, and indeed is centered around, the exact same sale process contemplated herein.

9.     In fact, the Debtors are filing this Motion in large part to give further assurances to Hotel Debt that no matter what happens with the Amended Plan, the Debtors' sale process has a definitive end-date. Accordingly, the Debtors request that the Sale Order specifically provide

that if the confirmation order is entered prior to the Auction Date,[2] and the confirmation order approves the Sale and the Bid Procedures, the Sale Order will be automatically superseded by the Confirmation Order and shall be of no further effect.

### A. Prepetition Debt

10. Hotel Debt, as assignee of certain notes, mortgages, and assignments of rent, has a secured claim against the Hotel Property and the Adjacent Lot. Pursuant to the Settlement Agreement, Hotel Debt has a stipulated prepetition claim of $5,748,719.99.

11. On or about September 19, 2010, LLC executed that certain secured promissory note in favor of Edens Bank in the original principal amount of $1,975,581.64 (the "*Note*"). The Note is allegedly secured by liens on the Parking Lot Property evidenced by (i) that certain Mortgage dated September 19, 2006 executed by LLC in favor of Edens Bank, recorded as Document No. 0626822072 and filed with the Cook County Recorder of Deeds on September 25, 2005 and (ii) that certain Assignment of Leases and Rents dated September 19, 2006 executed by LLC in favor of Edens Bank, recorded as Document No. 0626822073 and filed with the Cook County Recorder of Deeds on September 25, 2006. Pursuant to that certain allonge dated June 18, 2013, North Community Bank, as successor by merger with Edens Bank, endorsed the Note to 3458 N Clark LLC ("*3458 Clark*").

12. LLC's obligations to 3458 Clark pursuant to the Note are also governed by (i) that certain Change in Terms Agreement dated December 17, 2010 by and among LLC and North Community Bank and (ii) that certain Forbearance Agreement dated February 28, 2012 by and

---

[2] All capitalized terms used, but not defined herein, shall have the meaning ascribed to such term in the Bid Procedures, attached hereto as <u>Exhibit A</u>.

among LLC and North Community Bank.

### B. Sale of the Properties and Proposed Bid Procedures

13. On December 21, 2014, the Debtors filed their *Application Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Approving the Employment of Marcus & Millichap ("M&M") Real Estate Investment Services of Chicago as Real Estate Brokerage Firm* [Docket No. 71] (the "*Application*"). On January 21, 2015, the Court entered an order granting the Application [Docket No. 90]. Since that date, M&M has prepared an offering memorandum and is currently marketing the Properties to potentially interested parties.

14. The primary terms of the Bid Procedures are as follows:

| Sellers | Wrigleyville Hotel, LLC and Wrigleyville, LLC |
|---|---|
| Purchase Price | Although there shall be no minimum bid amount for Property Categories 1 and 2 individually, the Debtors will not accept any Bid or Bids for Property Categories 1 and 2 unless the amount of such Bid or Bids, in the aggregate, exceeds $6,525,000. The minimum bid amount for Property Category 3 shall be $2,300,000.00, and any Joint Bid for all Properties must be at least the sum of the foregoing amounts |
| Assumed Liabilities | None contemplated |
| Deposit | 2.5% of the Bid amount in the form of a certified check, cash, or otherwise immediately available funds payable to the applicable Debtor(s), to be submitted along with the Bid |
| Closing | Closing shall occur no later than June 15, 2015 (the "*Closing Date*") |
| Credit Bid | Hotel Debt shall be deemed to be a Qualified Bidder and shall have the right, but not the obligation, to credit bid under section 363(k) of the Bankruptcy Code in an amount up to the |

| | |
|---|---|
| | Projected Claim Amount, as such term is defined and set forth in the Settlement Agreement as approved by the Court on February 4, 2015 [Docket No. 102].<br><br>3458 Clark shall be deemed to be a Qualified Bidder and shall have the right, but not the obligation, to credit bid under section 363(k) of the Bankruptcy Code in an amount up to the allowed amount of 3458 Clark's claim in the Wrigleyville, LLC bankruptcy. If, at the time of the Auction, 3458 Clark's claim is disputed, 3458 Clark, upon reasonable notice to the Debtors, may ask the Court to estimate the amount of its claim for purposes of the Auction, and may credit bid the amount so estimated. |
| Potential Extension as to the Parking Lot Property | In the event that (a) Hotel accepts a Bid for Properties 1 and 2 at the Auction that does not encompass the Parking Lot Property and (b) LLC, in consultation with its advisors, determines that value would be maximized by separately marketing the Parking Lot Property for a brief additional period, LLC shall have the right to extend the Auction Date and Closing Date with respect to the Parking Lot Property, each for a period of up to 90 days (or longer with authorization of the court). |
| Refinancing Transaction | The Plan and Settlement Agreement contemplate the possibility that the Debtors and/or their existing ownership may consummate a Refinancing Transaction (as such term is defined in the Plan), and that one or more such transactions could result in the Debtors canceling the Auction in full or in part and in some or all of the Properties not being sold. In the event of a refinancing transaction that results in all of the Properties not being sold at the Auction, the Stalking Horse Bidder, if any shall not be entitled to a Break Up Fee. |

## Relief Requested

15. By this Motion, the Debtors respectfully request that this Court enter an order: (a)(i) approving the Bid Procedures for the Sale of the Properties pursuant to section 363 of the Bankruptcy Code to the party submitting the highest and best offer(s); (ii) scheduling the Auction; (iii) approving the form and manner of notices associated with the Sale and Auction; (iv) scheduling the Final Hearing to consider approval of the Sale of the Properties; (b) approving the Sale to the party submitting the highest or best offer at the Auction; and (c) granting related relief.

## Basis for Relief

### A.    Proposed Bid Procedures for the Sale of the Properties

16. As the Properties are part of a single project as described above, the Debtors, in consultation with their advisors, believe that value will be maximized by an open marketing process followed by an auction at which potential purchasers can bid on some or all of the Properties. The Bid Procedures attached hereto and incorporated herein as Exhibit A are designed to achieve this objective.

17. The Bid Procedures are designed to create a controlled, but also fair and open, bidding process that promotes interest in the Properties by financially capable, motivated bidders who are likely to close a transaction, while simultaneously discouraging non-serious offers and offers from entities whom the Debtors do not believe are sufficiently capable or likely to actually consummate a transaction. The Debtors therefore respectfully request that the Court approve the Bid Procedures at the initial hearing on the Motion.

18. Although the Debtors have not chosen a stalking horse bidder, the Bid Procedures state that the Debtors, in their reasonable business judgment and in consultation with Hotel Debt

and their broker, shall have the right to choose a stalking horse bidder without further order of the Court and to grant certain bid protections to such stalking horse bidder. Given that a stalking horse bidder could be selected, inherent in approving the Bid Procedures is the approval of a break-up fee (the "*Break-Up Fee*") of up to 3% and other reasonable protections as contemplated in the Bid Procedures. *See* Bid Procedures at ¶14(b).

19.     Approval of the Break-Up Fee is governed by standards for determining the appropriateness of bidding incentives in the bankruptcy context established by the Third Circuit in *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999). In other words, the allowability of break-up fees ". . . depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *In re O'Brien*, 181 F.3d at 535.

20.     After considering the reasonableness of bidding incentives, courts have approved a range of break-up fees and/or expenses as a percentage of the purchase price as being appropriate under the facts and circumstances of the case. *See, e.g., In re Fairview Ministries, Inc.*, Case No. 11-04386 (SPS) (Bankr. N.D. Ill. Mar. 17, 2011) (approving a 2.9% break-up fee); *In re Brown's Chicken & Pasta, Inc.*, Case No. 09-49094 (JPC) (Bankr. N.D. Ill. Oct. 20, 2010) (approving a 3.5% break-up fee); *In re SK Hand Tool Corp.*, Case No. 10-28882 (ERW) (Bankr. N.D. Ill. July 9, 2010) (approving break-up fee of up to 4.4%); *In re Hartmarx Corp.*, Case No. 09-02046 (BWB) (Bankr. N.D. Ill. June 2, 2009) (approving a 3.1% break-up fee). The Break-Up Fee proposed in this matter will be at most 3% of any potential stalking horse bid, and is thus within the range of acceptable break-up fees in this district.

21.     Moreover, the only situation where the Break-Up Fee would be paid is a situation where an alternative bidder closes on a transaction where it is paying at least 3% more than the

proposed stalking horse bid, meaning that the excess proceeds would more than cover the Break-Up Fee. Thus, the Debtors respectfully submit that the Break-Up Fee and other standard protections that the Debtors will have the ability to grant to a stalking horse bidder if appropriate are reasonable under the circumstances and should be approved.

### B.  Scheduling Auction, Approving the Form and Manner of Notice, and Scheduling a Final Hearing

22.  The Debtors also respectfully request that the Court schedule the Auction, approve the notices associated with the Sale and Auction, and schedule the Final Hearing.

23.  Specifically, the Debtors request that the court set (i) an Auction date of May 15, 2015 and (ii) a Final Hearing on May 19, 2015 (to approve the Sale of the Properties to the Successful Bidder (as defined in the Bid Procedures)).

24.  No later than three business days after entry of an initial order approving this Motion, the Debtors propose to cause an *Auction and Sale Notice* (substantially in the form attached hereto as Exhibit B) to be sent by first-class mail, postage pre-paid, to all of the creditors listed in the Debtors' creditor matrices, all entities known to have expressed an interest in purchasing the Properties, taxing authorities reasonably known to have an interest in the relief requested, the Office of the United States Trustee, and all parties who have requested notice of pleadings in the Chapter 11 Cases. The Debtors believes that the foregoing notice of the Auction and Bid Procedures is reasonably calculated to provide notice of the Auction and Sale, and requests that such notice be deemed sufficient notice of the Auction and Bid Procedures.

### C.  The Properties May be Sold Free and Clear Under Section 363(f) of the Bankruptcy Code

25.  Section 363(f) of the Bankruptcy Code provides that a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things,

all holders of interests (i) consent to such sale, or (ii) can be compelled to accept a money satisfaction of such interests in legal or equitable proceedings.

26. Here, Hotel Debt has consented to such sale, provided that the Sale takes place pursuant to the terms set forth in the Settlement Agreement. Further, the Debtors believe that the remaining secured creditors will consent to the sale of the Properties as described herein. Even if the remaining secured creditors do not consent, the Debtors assert that the Properties can be sold free and clear of the liens of the secured creditors pursuant to § 363(f) of the Bankruptcy Code, because applicable non-bankruptcy law would permit the sale of the Properties free and clear of such interests (with the lienholders compelled to accept a money satisfaction of such interests). Accordingly, the Debtors request that the sale order provide for the transfer of the Properties to the winning bidder free and clear of any claims and interests.

### D.    The Sale is Supported by the Debtors' Reasonable Business Judgment

25. This Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case by case approach. *In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The Court must find that a good business reason exists for the sale. *In re Schipper*, 933 F.2d 513 (7th Cir. 1991); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). As noted in *In re Walter*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988), citing *In re Lionel Corporation*, 722 F.2d 1063, 1070-71 (2d Cir. 1983):

> [T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business . . . Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the Debtors, creditors and equity holders alike. He might, for example, look to such relevant factors as the proportionate value of

>the assets of the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plan of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

26. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (In bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand."); *see also In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985) (policy underlying the Code is to maximize "the value of the estate for the benefit of all creditors) (citations omitted).

27. Once a valid business justification is established, the business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was taken in the best interests of the company." *In re S.N.A. Nut Company*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995) (citing *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *Integrated Resources*, 147 B.R. at 656. Therefore, the relief requested in this Motion should be granted if the Debtors demonstrate a sound business justification for the request. *See Schipper*, 933 F.2d at 515; *In re Lionel Corp.*, 722 F.2d at 1071.

28. Here, in order to maximize value for the estate, the Debtors believe that it is crucial to sell the Properties. M&M, the Debtors' broker, has been and will continue to contact numerous parties that may have an interest in the Properties (including thousands of potential buyers in its proprietary databases). Further, the Bid Procedures attached hereto are designed to

achieve the highest possible price for the Properties under the circumstances.  The Debtors thus believe that the Sale proposed herein, including the proposed Auction and Bid Procedures, will provide the maximum possible recovery to the Debtors' estates.  Accordingly, the Debtors respectfully submit that the Sale-related relief proposed herein reflects a sound exercise of its business judgment and should be approved.

### Notice

29. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the Debtors' secured creditors; and (c) all parties listed on the Debtors' schedules and creditor matrices.  In light of the circumstances of this Motion, the Debtors respectfully submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order granting the Motion in its entirety and (a)(i) approve the Bid Procedures for the Sale of the Properties pursuant to section 363 of the Bankruptcy Code to the party submitting the highest and best offer(s); (ii) schedule the Auction; (iii) approve the form and manner of notices associated with the Sale and Auction; (iv) schedule the Final Hearing to consider approval of the Sale of the Properties; (b) approve the Sale to the party submitting the highest or best offer(s) at the Auction; and (c) grant related relief.

Dated:  February 4, 2015                              Respectfully submitted,

**WRIGLEYVILLE HOTEL, LLC,** *et al.*

By:     /s/ Matthew E. McClintock

Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
Sean P. Williams, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305
e-mail: mattm@restructuringshop.com

*Counsel for the Debtors and Debtors in Possession*